IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHA'QUEL BROOKS, *et al.*, )<br>)<br>Defendants. ) | CASE NO.: 3:18-cv-1003-RAH<br>(WO) |

## ORDER

Pending before the Court is Plaintiff The Prudential Insurance Company of America's (Prudential) Motion for Default Judgment (Doc. 50) and Renewed Motion for Default Judgment (Doc. 57) as to Defendants Adriana Omondi, Mike B. Bailey, Sharmonte A. Brooks, and Simone Fuller.[1]  On November 29, 2018, Prudential filed a Complaint for Interpleader and Declaratory Relief against Sha'quel Brooks, Adriana Omondi, Mike B. Bailey, Sharmonte A. Brooks, Simone Fuller, and J.B., a minor, after Sha'Quel Brooks was charged with the murder of Prudential's insured. (Doc. 1.)  Prudential initiated this action to disclaim any interest in the Death Benefit to be paid under the subject life insurance policy and to

---

[1] Prudential has also moved for interpleader relief. (Docs. 50, 57.)  The Court reserves ruling on this matter until a *pro ami* hearing can be held.

1

ask the Court to determine the potential claims of the defendants to the life insurance proceeds.

Defendants Omondi, Bailey, Sharmonte Brooks, and Fuller have all failed to answer the Complaint or otherwise formally appear in this action. The Clerk of Court entered a default against Omondi on April 2, 2019 (Doc. 14), and against Bailey, Sharmonte Brooks, and Fuller on September 17, 2019 (Docs. 27, 28, 29). Omondi, Bailey, Sharmonte Brooks, and Fuller have all likewise failed to respond to Prudential's motions for default judgment within the time prescribed by the Federal Rules of Civil Procedure.

For the reasons discussed below, Prudential's motions are due to be GRANTED as to the request for default judgments against Omondi, Bailey, Sharmonte Brooks, and Fuller.

## I.  JURISDICTION AND VENUE

The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C § 1335 and 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391 (a).

## II.  LEGAL STANDARD

In the Eleventh Circuit, there is a "strong policy of determining cases on their merits" and default judgments are therefore viewed "with disfavor." *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, it is well-

settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985).

Rule 55 of the Federal Rules of Civil Procedure provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Although modern courts do not favor default judgments, they are appropriate when the adversary process has been halted because of an unresponsive party. *Flynn v. Angelucci Bros. & Sons, Inc.,* 448 F. Supp. 2d 193, 195 (D.D.C. 2006) (citation omitted). Where a defendant has failed to respond to or otherwise acknowledge the pendency of a lawsuit against him or her months—or years—after being served, entry of default judgment may be appropriate.

The law is clear, however, that a defendant's failure to appear and the Clerk's subsequent entry of default do not automatically entitle a plaintiff to a default judgment. A default is not "an absolute confession by the defendant of his [or her] liability and of the plaintiff's right to recover," but is instead "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.,* 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("The defendants' default notwithstanding, the

3

plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("A default judgment cannot stand on a complaint that fails to state a claim.").

"The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.,* Case. No. 6:08-cv-2033-ORL-22KRS, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009)). In deciding whether the allegations in the complaint are well pleaded, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotations omitted). Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

And pertinent to an interpleader action, "[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006).

### III. FACTS AND PROCEDURAL HISTORY

In its Complaint, Prudential asserts that Defendant Sha'Quel Brooks, a former member of the United States Army, was insured by Prudential through the Office of

Servicemembers' Group Life Insurance program. (Doc. 1 at 3.) This program also extends family coverage to servicemembers' spouses and unmarried dependent children and automatically names the servicemember as the beneficiary. Sha'quel Brooks's minor child, C.B., was covered through this program in the amount of $10,000.00. In addition to Sha'quel Brooks, Defendants Omondi, Bailey, and Sharmonte Brooks are each designated as co-equal primary beneficiaries of this Death Benefit. Defendant Fuller is not a designated beneficiary. Instead, she was named in this lawsuit as the mother of J.B., a named defendant who is also the sister of C.B., the deceased insured.

    C.B. died on February 21, 2018, and the Death Benefit owed under the policy became due. (Doc. 1 at 3.) On March 3, 2018, Sha'quel Brooks made a claim to the Death Benefit. (*Id.* at 4.) But upon learning that Sha'quel Brooks had been charged with murder in connection with C.B.'s death, rather than pay the Death Benefit, Prudential initiated this action. Citing 38 C.F.R. § 9.5(e)(2), which prohibits, inter alia, the payment of insurance proceeds to any person convicted of or found in a civil proceeding to have intentionally and wrongfully killed the decedent, Prudential asked this Court to determine who among the named defendants is entitled to the Death Benefit.

Following a stay of the case pending the resolution of Sha'quel Brooks's criminal proceeding (Doc. 36),[2] the Court appointed a guardian *ad litem* to represent J.B.'s interests (Doc. 49). To date, Sha'quel Brooks and J.B. are the only defendants to answer the Complaint (Docs. 15, 53) or otherwise formally appear in this action. Counsel for J.B. has informed the Court that J.B. and Sha'quel Brooks have reached a settlement in this matter regarding the division of the insurance proceeds. (Doc. 56.) Prior to reviewing the terms of the settlement agreement, the Court will address Prudential's request for default against the defendants who have failed to appear in this action.

## IV.    DISCUSSION

Prudential seeks default judgment against Defendants Adriana Omondi, Mike Bailey, Sharmonte Brooks, and Simone Fuller. The Court addresses default against each defendant separately.

### A. Default as to Adriana Omondi

Omondi was personally served with process on December 12, 2018. (Doc. 11.) She failed to answer or otherwise respond to the Complaint and has likewise failed to respond to either of Prudential's motions for default judgment.

---

[2] Defendant Sha'quel Brooks pleaded guilty to manslaughter on August 13, 2020. (Doc. 41-1.) The plea of guilty to the charge of manslaughter does not necessarily preclude Sha'quel Brooks from receiving the proceeds under 38 C.F.R. § 9.5(e)(2).

Accepting the allegations in Prudential's Complaint as true for purposes of this analysis, Omondi is the mother of C.B., the deceased insured, and is designated as a co-equal primary beneficiary of the Death Benefit. In support of its motion for default judgment, Prudential asserts that it received correspondence from Omondi on January 2, 2019, indicating that she had no intention of appearing in this matter. (Doc. 50 at 8.) She confirmed this intention during a subsequent phone conversation with counsel for Prudential. (*Id.*) Prudential further avers that although Omondi serves in the military, she is not on active duty, is not a minor, and does not appear to be incompetent. (*Id.*)

On March 20, 2021, the Court held a status teleconference in this matter. Omondi participated in the call and requested that the insurance proceeds be given to her surviving daughter, Z.B., who is the twin sister of C.B., the deceased insured. (Doc. 45.) The Court instructed Omondi that if she wished to participate in this case, she would need to file a response to the Complaint and include her request regarding Z.B. (*Id.*) As of the date of this order, no such filing has been received and Omondi has not participated in any other proceedings held in this matter.

Due to her failure to respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure, and her failure to respond to Prudential's motions or to this Court's direction, Omondi has forfeited "any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada*, 431 F. Supp. 2d at

226. Therefore, the Court finds that Prudential's motions for default judgment are due to be GRANTED as to Omondi.

### B. Default as to Mike Bailey

Bailey was personally served with process on December 14, 2018. (Doc. 9.) He failed to answer or otherwise respond to the Complaint and has likewise failed to respond to either of Prudential's motions for default judgment or participate in any proceeding held in this matter.

Accepting the allegations in Prudential's Complaint as true for purposes of this analysis, Bailey is the grandfather of C.B., the deceased insured, and is designated as a co-equal primary beneficiary of the Death Benefit. Prudential asserts that Bailey is not on active duty in the military, is not a minor, and does not appear to be incompetent. (Doc. 50 at 8.)

Due to his failure to respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure, and his failure to otherwise appear in this action, Bailey has forfeited "any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada*, 431 F. Supp. 2d at 226. Therefore, the Court finds that Prudential's motions for default judgment are due to be GRANTED as to Bailey.

### C. Default as to Sharmonte Brooks

Sharmonte Brooks was personally served with process on December 14, 2018. (Doc. 8.) She failed to answer or otherwise respond to the Complaint and has

likewise failed to respond to either of Prudential's motions for default judgment or participate in any proceeding held in this matter.

Accepting the allegations in Prudential's Complaint as true for purposes of this analysis, Sharmonte Brooks is Sha'quel Brooks's mother and is the grandmother of C.B., the deceased insured. She is designated as a co-equal primary beneficiary of the Death Benefit. Prudential asserts that Sharmonte Brooks does not serve in active duty in the military, is not a minor, and does not appear to be incompetent. (Doc. 50 at 8.)

Due to her failure to respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure, and her failure to otherwise appear in this action, Sharmonte Brooks has forfeited "any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada*, 431 F. Supp. 2d at 226. Therefore, as a result, the Court finds that Prudential's motions for default judgment are due to be GRANTED as to Sharmonte Brooks.

### C. Default as to Fuller

Fuller was personally served with process on December 14, 2018. (Doc. 10.) She failed to answer or otherwise respond to the Complaint and has likewise failed to respond to either of Prudential's motions for default judgment or participate in any proceeding held in this matter.

Accepting the allegations in Prudential's Complaint as true for purposes of this analysis, Fuller is the mother of J.B., a named defendant in this action who is also the sister of C.B., the deceased insured. Fuller is not designated as a beneficiary of the Death Benefit. She is named in this action solely in her capacity as parent and guardian of Defendant J.B., who is a minor child.

In support of its motion for default judgment, Prudential states that it sent correspondence to Fuller, advising her of the deadline to answer the Complaint and informing her that it would move for default against her should she fail to respond. (Doc. 50 at 9.) Counsel for Prudential also had several telephone conversations with Fuller regarding the need for a guardian *ad litem* for J.B. and regarding Fuller's own appearance in this matter. (*Id.*) Fuller indicated to Prudential that she was a member of the United States Air Force but was able to communicate via telephone. (*Id.*) Prudential asserts that Fuller is not a minor and does not appear to be incompetent. (Doc. 50 at 8.)

Due to her failure to respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure, and her failure to otherwise appear in this action despite repeated communication with Prudential, Fuller has forfeited "any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada*, 431 F. Supp. 2d at 226. Therefore, the Court finds that Prudential's motions for default judgment are due to be GRANTED as to Fuller.

## V.   CONCLUSION

Based upon the foregoing, it is ORDERED as follows:

1. Prudential's Motion for Default Judgment (Doc. 50) and Renewed Motion for Default Judgment (Doc. 57) are GRANTED against Defendants Adriana Omondi, Mike B. Bailey, Sharmonte A. Brooks, and Simone Fuller;

2. Defendants Adriana Omondi, Mike B. Bailey, Sharmonte A. Brooks, and Simone Fuller are ENJOINED from instituting any action or proceeding in any state or United States court against The Prudential Life Insurance Company of America for recovery of the Death Benefit resulting from the death of C.B., a minor;

3. The Court reserves ruling on Prudential's request for interpleader relief; and

4. The parties are reminded of the upcoming telephone status conference scheduled for November 10, 2021, at 10:30 a.m.

A separate judgment will be entered in accordance with this opinion.

DONE on this the 3rd day of November, 2021.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE